IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MACK S. FRENCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-194 |
| ) | |
| DONALD BARROW, Warden, and ) | |
| THURBERT BAKER, Attorney General of ) | |
| the State of Georgia, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mack S. French, an inmate confined at Wilcox State Prison in Abbeville, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondents' Motion to Dismiss Attorney General Baker as an Improper Party Respondent. (Doc. no. 8). Petitioner opposes the motion.[1] For the reasons set forth below, the Court **FINDS** that Attorney General Thurbert Baker is an improper party Respondent. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Attorney General Baker be **DISMISSED**.

---

[1] Although the Clerk of Court docketed the response as a "motion to stay" the proceedings and brief in support, it is clear from the substance of the documents that they are Petitioner's response to the motions to dismiss that the Court directed him to file in its Order of March 27, 2007. (See doc. nos. 11-13). For example, Petitioner states in his "motion to stay" that "this petition should not be dismissed." (Doc. no. 12, p. 1). While Petitioner asserts a substantive opposition in response to the dismissal of his petition, he does not provide any substantive opposition in response to the dismissal of Attorney General Thurbert Baker.

## I. BACKGROUND

On June 23, 2003, Petitioner pled guilty, in the Superior Court of Richmond County, to one count of child molestation and was sentenced to five (5) years of incarceration with 5 years of probation to follow. On September 10, 2003, Petitioner filed a motion for remold and reconsideration of sentence that was denied by the trial court on November 12, 2003. (Doc. no. 10, Resp't Ex. 4, pp. 76 and 80). On June 24, 2004, Petitioner filed a request for an out-of-time appeal. (Id. at 108). The record does not contain any disposition of this request.

On May 11, 2005, Petitioner filed a habeas corpus petition in the Superior Court of Wilcox County. (Id. at Resp't Ex. 1). This petition was denied on December 6, 2005. (Id. at Resp't Ex. 2). Thereafter, on October 31, 2006, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. (Id. at Resp't Ex. 3). Then, on December 8, 2006, the instant petition for federal habeas corpus relief, alleging nine grounds for relief, was entered on the docket by the Clerk of Court.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the

appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Barrow is the proper Respondent, and Thurbert E. Baker should be dismissed as an improper party Respondent.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Motion to Dismiss Thurbert E. Baker as an Improper Party be **GRANTED**. (Doc. no. 8).

SO REPORTED and RECOMMENDED this 31st day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE