IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MACK S. FRENCH,           )
                          )
        Petitioner,       )
                          )
    v.                    )        CV 106-194
                          )
DONALD BARROW, Warden,    )
                          )
        Respondent.       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mack S. French filed the above-captioned case pursuant to 28 U.S.C. §
2254. For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that the
petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be
**ENTERED** in favor of Respondent.

### I. BACKGROUND

On June 23, 2003, Petitioner pled guilty, in the Superior Court of Richmond County,
to one count of child molestation, and he was sentenced to five (5) years of incarceration
with 5 years of probation to follow. On September 10, 2003, Petitioner filed a motion for
remold and reconsideration of sentence that was denied by the trial court on November 12,
2003. (Doc. no. 10, Ex. 4, pp. 76, 80). Although Petitioner did not timely file a direct
appeal, on June 24, 2004, Petitioner filed a request for an out-of-time appeal. (Id. at 160).
The record does not contain any disposition of this request.

On May 11, 2005, Petitioner filed a habeas corpus petition in the Superior Court of Wilcox County. (Id. at Ex. 1). Petitioner raised twelve (12) grounds for relief: (1) the trial court erred in accepting Petitioner's guilty plea because no factual basis for the plea had been established; (2) there was no evidence to find Petitioner guilty beyond a reasonable doubt; (3) the trial court erred in accepting Petitioner's guilty plea because he did not understand the nature of the charges against him; (4) the trial court failed to read the indictment; (5) a pre-printed plea petition is not sufficient "to elicit a sufficient factual basis" for a guilty plea; (6) the "charges must be found by a grand jury"; (7) the indictment was not returned in open court; (8) Petitioner did not waive his right to appeal, and he was entitled to an out-of-time appeal; (9) the trial court violated Superior Court Rule 33.8 when the judge accepted Petitioner's guilty plea before advising him of what the sentence would be; (10) Petitioner "never waived his right to incriminate" himself; (11) Petitioner's guilty plea was not voluntarily, intelligently, knowingly, and freely entered; and (12) Petitioner received ineffective assistance of counsel. This petition was denied on December 6, 2005. (Id. at Ex. 2). On October 31, 2006, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. (Id. at Ex. 3).

Then, Petitioner filed the instant federal petition for habeas corpus relief in which he asserts the following nine grounds for relief: (1) no factual basis was established for Petitioner's guilty plea in violation of Rule 11 of the Federal Rules of Criminal Procedure, the Georgia Uniform Superior Court Rule 33.9, and State v. Evans, 454 S.E. 2d 468 (Ga.

2

1995)[1]; (2) there was "no evidence" presented to prove each element of Petitioner's crime beyond a reasonable doubt; (3) Petitioner did not understand the nature of the charges and the crime; (4) the trial judge did not read the indictment in its entirety "pursuant to O.C.G.A. § 17-7-93 and United States v. Edward, 777 F.2d 644"[2]; (5) the criminal charges must be found by a grand jury unless a defendant waives indictment pursuant O.C.G.A. § 17-7-70(b); (6) the indictment was not returned in open court; (7) there were violations of Fed. R. Crim. P. 11, the Georgia Uniform Superior Court Rule 33.8, and O.C.G.A. § 17-7-93 because trial court accepted his guilty plea before advising Petitioner of the mandatory minimum sentence; (8) there was no record of the waiver of Petitioner's constitutional rights, as such his "guilty plea [was] not voluntary, intelligent, knowingly, understanding; and (9) Petitioner received ineffective assistance of counsel. (See generally doc. no. 1).

Respondent filed a motion to dismiss the instant petition as untimely. (Doc. no. 8). However, because Petitioner had filed a request for an out-of-time appeal with the Richmond County Superior Court that had never been ruled on, the Court directed Respondent to file a brief addressing the timeliness issue of Petitioner's federal petition as it related to the still-

---

[1]Plaintiff cites Evans for the proposition that "a superior court judge "should not enter a judgment upon such a plea without making such inquiry on the record as may satisfy him that there is a factual basis for the plea." State v. Evans, 454 S.E. 2d 468, 471 (Ga. 1995). The court in Evans also noted that not every violation of the Uniform Superior Court Rule 33.9 mandates the grant of a motion to withdraw a guilty plea, after a sentence is imposed, a plea may only be withdrawn to correct a manifest injustice. Id. at 473.

[2]Plaintiff cites to Edwards in support of his argument that his indictment was insufficient. In Edwards the Eleventh Circuit notes that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defendant, and second enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. United States v. Edwards, 777 F.2d 644, 650 (11th Cir. 1985) (citations omitted).

3

pending request for an out-of-time appeal. (Doc. no. 18). Thereafter, Respondent withdrew

his motion to dismiss and filed a brief in support of his answer, opposing Petitioner's claims

on the merits. (Doc. no. 21). The Court resolves the matter as follows.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into

law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as determined
> by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State court
> proceeding.

The United States Supreme Court addressed Section 2254(d) in Brown v. Payton, 544

U.S. 133 (2005). The Supreme Court explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been
> adjudicated on the merits in state-court proceedings, a federal court may not
> grant relief unless the state court's adjudication of the claim "resulted in a
> decision that was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the
> United States." A state-court decision is contrary to this Court's clearly
> established precedents if it applies a rule that contradicts the governing law
> set forth in our cases, or if it confronts a set of facts that is materially
> indistinguishable from a decision of this Court but reaches a different result.
> A state-court decision involves an unreasonable application of this Court's
> clearly established precedents if the state court applies this Court's precedents
> to the facts in an objectively unreasonable manner.

4

Id. at 141 (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA sets a highly deferential standard of review for state court factual determinations. The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. __, 127 S. Ct. 1933, 1939-40 (2007) (quoting 28 U.S.C. § 2254(e)(1)); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Thus, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000). If the record provides any support for a state court's factual findings, this Court may not set aside those findings unless and until they are rebutted by clear and convincing evidence. Crawford, 311 F.3d at 1317.

With these basic principles in mind, the Court now turns its attention to the instant petition.

## III. DISCUSSION

**A.   Grounds One and Seven Fail to State Claims for Federal Habeas Corpus Relief**

Two of the grounds raised by Petitioner fail to state claims for federal habeas corpus relief. In Ground One, Petitioner argues that no factual basis was established for his guilty plea in violation of Rule 11 of the Federal Rules of Criminal Procedure, Georgia Uniform Superior Court Rule 33.9, and State v. Evans, 454 S.E. 2d 468 (1995). In Ground Seven, Petitioner argues that there were violations of Fed. R. Crim. P. 11, the Georgia Uniform Superior Court Rule 33.8, and O.C.G.A. § 17-7-93 because the trial court accepted his guilty plea before advising Petitioner of the mandatory minimum sentence. Respondent counters (doc. no. 21, pp. 3, 5-10, 11), and the Court agrees, that Petitioner has failed to state claims for federal habeas corpus relief in Grounds One and Seven.

A federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991). A federal court is not concerned with a state's interpretation of its own laws and rules unless the violations raise federal constitutional problems; such matters are of state concern. McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992); see also Dorsey v. Chapman, 262 F.3d 1181, 1190 n.11 (11th Cir. 2001) ("[F]ederal habeas relief does not

include the review of state court application of state procedural rules that do not rise to the level of constitutional violations."). Stated otherwise, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state court erred. Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (*per curiam*) (quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)).

Here, in Grounds One and Seven, Petitioner asserts, respectively, that there was no factual basis to accept the plea pursuant to Fed. R. Crim. P. 11, the Uniform Superior Court Rule 33.9, and State v. Evans, 454 S.E.2d 468 (1995), and the trial judge accepted Petitioner's plea before Petitioner was advised of his mandatory sentence, thereby violating Fed. R. Crim. P. 11, Uniform Superior Court Rule 33.9, O.C.G.A. § 17-7-93, United States v. Watch, 7 F.3d 422, 429 (5th Cir. 1993), Johnson v. State, 528 S.E.2d 861 (Ga. Ct. App. 2000). (Doc. no. 1, pp. 6, 7-8). Petitioner's Grounds One and Seven do not involve allegations of violations of "clearly established Federal Law," as they relate to alleged violations of the Georgia Code and the Georgia Uniform Superior Court Rules.[3] As to the claims concerning the Federal Rules of Criminal Procedure, "the procedure prescribed by Rule 11 is not the constitutional minimum required for a knowing and voluntary plea; it merely constitutes the procedure for federal courts." Gaddy v. Linahan, 780 F.2d 935, 943 n.8 (11th Cir. 1986) (citations omitted). "Thus Rule 11 is not binding on the states; a "wide range of constitutional plea procedures [are] available to the state courts." Id. Accordingly,

---

[3] Of note, after reviewing the transcript from Petitioner's June 23, 2003 sentencing hearing, the state habeas court found that a factual basis for the guilty plea was established. (Doc. no. 25, Ex. 2, p. 4).

any alleged violation of the Federal Rule of Criminal Procedure 11 in the taking of a plea in a state court cannot form the basis of a claim for federal habeas corpus relief.

Thus, the Court concludes that as to these two issues, Petitioner has not stated grounds for relief that are cognizable in a federal habeas proceeding, and therefore Grounds One and Seven cannot form the basis for federal habeas corpus relief. See Estelle, 502 U.S. at 68-69 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

**B.      Grounds Three and Eight Fail to Establish that Petitioner's Plea of Guilty Was Not Knowing and Voluntary**

In Grounds Three and Eight, Petitioner alleges that his plea of guilty was not knowing and voluntary. In Ground Three, Petitioner alleges that he did not correctly understand the "nature of the charge (essential elements of the crime)" to which he pled guilty. (Doc. no. 1, p. 6). In Ground Eight, Petitioner alleges that his "guilty plea was not voluntary, intelligent, knowingly, understanding . . . and [therefore] the trial court cannot and must not accept [his] plea." (Id. at 8).

> While the court taking a defendant's plea is responsible for ensuring "a record adequate for any review that may be later sought," Boykin v. Alabama, 395 U.S.238, 244 (1969), we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.

Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (citations omitted).

The state habeas court noted that, at the plea/sentencing hearing, the court of conviction asked Petitioner whether he understood that he was pleading guilty to child

8

molestation, and Petitioner responded in the affirmative. (<u>Id.</u> at 5). Similarly, the state habeas court noted that when Petitioner was asked whether he was entering the plea freely and voluntarily, Petitioner responded affirmatively. (<u>Id.</u> at 8). At that hearing, Petitioner also indicated that no one had promised or threatened him in any way to induce him to enter a guilty plea. (<u>Id.</u>). Petitioner also indicated that he understood the rights he was waiving in entering a plea. (<u>Id.</u>). The presiding judge read the charges alleged in the indictment, and the assistant district attorney gave the factual basis for the plea. (<u>Id.</u>). Only after hearing these allegations, did Petitioner enter a plea of guilty. (<u>Id.</u>).

In addition, the state habeas court also noted that Petitioner signed an Acknowledgment and Waiver of Rights form in which he indicated that he knew and understood that he was charged with child molestation. (<u>Id.</u> at 5). Thus, the state habeas court found that Petitioner represented to the court that he understood that he was entering a plea to the charge of child molestation.

Based upon these factual findings, the state habeas court concluded that Petitioner's plea was knowingly, voluntarily, and intelligently entered, and that his plea was not the product of ineffective assistance of counsel. (<u>Id.</u> at 6-11 (citing <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969) and <u>Hill v. Lockhart</u>, 474 U.S. 52, 56, 58-59 (1985)). Here, Petitioner has come forward with no evidence, much less clear and convincing evidence, <u>see</u> 28 U.S.C. § 2254(e)(1), that the state habeas court's factual findings were incorrect. Nor were the state habeas court's conclusions unreasonable in light of the evidence before it. 28 U.S.C. § 2254(d)(2).

9

Rather, the state habeas court correctly noted that Petitioner's claims are affirmatively contradicted by his own sworn testimony at the plea hearing, which "'constitute[s] a formidable barrier in any subsequent collateral proceedings.' Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74. At the guilty plea hearing, Petitioner, who responded to the court's questions intelligently and coherently, (1) acknowledged that he understood his rights as explained to him by the court, (2) stated that he understood the rights he was waiving in entering a plea, (3) denied being threatened or promised anything in return for pleading guilty, and (4) stated that he was entering his plea freely and voluntarily. (Doc. no. 25, Ex. 2, pp.5-8).

In sum, Petitioner fails to cast any doubt upon the state habeas court's conclusion that his guilty plea was valid, as the state court's findings of fact were based upon overwhelming evidence. Nor has Petitioner shown that any aspect of the state habeas court's decision was contrary to or involved an unreasonable application of federal law. 28 U.S.C. § 2254(d). Indeed, even upon *de novo* review, this Court would agree with the state habeas court's conclusions. Thus, Petitioner is not entitled to relief on Grounds Three and Eight.

## C.     Grounds Two, Four, Five and Six Were Waived

Petitioner essentially argues in Ground Two that there was "no evidence" to prove each element of his crime beyond a reasonable doubt. (Doc. no. 1, p. 6). In Ground Four, Petitioner alleges that the trial judge did not read the indictment in its entirety "pursuant to O.C.G.A. § 17-7-93, and United States v. Edward, 777 F.2d 644." In Ground Five, Petitioner implies that he was convicted on charges that were not brought by a grand jury and that

10

because he could only be convicted on charges found by the grand jury, the trial court "lacked power to call [Petitioner] into court." (Id. at 7). In Ground Six, Petitioner asserts that his indictment was void because it was not returned in open court and because the indictment and guilty plea did not list the same elements of the crime. (Id.).

Because Petitioner is attempting to challenge a conviction entered pursuant to a guilty plea, the range of claims he may press in a federal petition is quite limited:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989).

Stated otherwise, a guilty plea forecloses arguments which do not go to the validity of the plea itself. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense . . . . , he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); see also Martin v. Kemp, 760 F.2d 1244, 1246-47 (11th Cir. 1985) ("A defendant who knowingly and voluntarily enters a plea of guilty waives all nonjurisdictional challenges to his conviction."). "Reviewing federal courts may set aside a state court guilty plea only for failure to satisfy due process." Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995) (internal quotation omitted). Of course, Petitioner's guilty plea does not waive claims which regard alleged constitutional violations which occurred after the plea was entered.

11

Here, many of Petitioner's claims regarding his plea were considered and rejected by the state habeas court. First, relying upon the Supreme Court's decisions in <u>Tollett</u> and <u>Broce</u>, cited above, the state habeas court held that any claims which did not go to the validity of Petitioner's plea had been "waived." (Doc. no. 25, Ex. 2, pp. 4, 5, 7, 8).

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970).

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). The state habeas court found that any complaint about the indictment, plea petition, sufficiency of the evidence, or grand jury should have been raised prior to the entry of the plea. (Doc. no. 25, Ex. 2, p. 5). Thus, the state habeas court concluded, because Petitioner entered a plea despite these alleged errors, he has waived them as a defense. (<u>Id.</u>). As this Court has concluded above that Petitioner's plea of guilty was knowing and voluntary, these claims in Grounds Two, Four, Five, and Six concerning pre-plea issues must fail.

## D.     Ground Nine Fails to Establish Ineffective Assistance of Trial Counsel

Lastly, the Court turns its attention to Petitioner's claims in Ground Nine of alleged ineffective assistance of his trial counsel. Petitioner asserts that his trial counsel was ineffective because he (a) failed to investigate the facts to familiarize himself with the weak points in the state's case; (b) withheld information, such as evidence and statements by other parties that would have been favorable to Petitioner; (c) failed to raise a defense on

12

Petitioner's behalf; (d) misled Petitioner to plead guilty by not challenging the indictment; (e) proffered false statements on the minimum mandatory sentence on the guilty plea; and (f) promised a probated sentence of less than five years. (Doc. no. 1, pp. 8, 9).

Ineffective assistance claims are analyzed under the two-prong test set forth in Strickland v. Washington, (1984). The facts of Strickland, however, are dissimilar from those presented here. Moreover, it cannot be said that the result reached by the state habeas court was contrary to clearly established federal law. Thus, the Court will focus its attention on whether the state habeas court unreasonably applied Strickland to the facts of this case. Bell v. Cone, 535 U.S. 685, 699 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. (internal citations omitted)).

Under the first prong of the Strickland standard, Petitioner must show that his counsel's performance was deficient in that it fell below an "objective standard of reasonableness" considering all the circumstances at the time of counsel's conduct. See id. at 687-92. Nonetheless, the Court's scrutiny of counsel's performance must be "highly deferential," and the Court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. In this regard, the Court must determine whether counsel's performance was within "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." Id. at 690. However, there is a strong presumption that counsel provided "reasonable professional

13

assistance." Id. at 689. For example, decisions concerning which witnesses to interview, as well as which motions to make, are strategic decisions which are entitled to a "heavy measure of deference." Id. at 691.

Under the second prong, the Court must determine whether the deficient performance actually prejudiced Petitioner's case. To satisfy the prejudice prong of the test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59. In assessing whether a habeas petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Id. at 58. Therefore, to succeed in his federal habeas corpus challenge to his state court conviction via a guilty plea entered on the advice of counsel, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

Next, relying upon the plea transcript and its own evidentiary hearing, at which Petitioner, and his counsel testified, the state habeas court made the following findings of fact. Petitioner's retained counsel, Mr. Pete Theodocion, was retained by Petitioner's family shortly after his arrest and prior to the preliminary hearing.[4] (Doc. no. 25, Ex. 2, p. 3). Prior

_____

[4]Mr. Theodocion was admitted to the State Bar of Georgia in 1993. (Doc. no. 25, Ex. 2, p. 3). At the time he represented Petitioner, approximately ninety-five percent (95%) to

14

to the entry of the guilty plea, Mr. Theodocion filed for Brady[5] materials and reviewed statements made to law enforcement officers. (Id.). Mr. Theodocion testified that there was semen found at the scene but that he did not have the sample tested because Petitioner admitted to him that he had ejaculated, and that Petitioner also admitted that he had kissed the victim on the neck. (Id.). Mr. Theodocion testified that Petitioner was originally charged with aggravated child molestation, and after negotiations the district attorney agreed to allow Petitioner to enter a plea to the lesser offence of child molestation. (Id.). Also according to Mr. Theodocion, Petitioner never indicated that he did not want to enter a guilty plea. (Id.). Finally, the state habeas court found that Mr. Theodocion admitted that there was an error on the Plea of Guilty Acknowledgment and Waiver of Rights form, as the form indicated the possible sentence facing Petitioner on the child molestation charge was one to twenty years, and Petitioner was actually facing a sentence of five to twenty years.[6] (Id.).

Petitioner has outlined absolutely no reason to suppose that Mr. Theodocion's performance was deficient or that Petitioner would have gone to trial absent attorney error. Petitioner provides no explanation for his bald and conclusory assertions that Mr. Theodocion

---

ninety-eight percent (98%) of his practice was devoted to criminal defense work. (Id.).

[5]Brady v. Maryland, 373 U.S. 83 (1963) (requiring the divulging of exculpatory materials).

[6]The state habeas court concluded that Petitioner was sentenced within the range listed in O.C.G.A. § 16-6-4. (Doc. no. 25, p. 48). The court also concluded that Petitioner's sentence was within the range indicated on the waiver of rights form. (Id.). Finally, regarding Petitioners allegation that had he known that the minimum sentence was five years as opposed to one year, he would not have entered the guilty plea but would have proceeded to trial, the state habeas court found that Petitioner failed to provide any defenses to the charges, and he admitted to engaging in conduct that constituted child molestation. (Id.).

failed to investigate the facts and familiarize himself with the weak points of the states case, that Mr. Theodocion failed to raise a defense on Petitioner's behalf, and that Mr. Theodocion misled Petitioner to plea guilty by not challenging the indictment. Simply put, Petitioner has outlined no meritorious argument or defense which Mr. Theodocion failed to press in advising Petitioner to plead guilty. Nor has Petitioner come forward with any evidence to suggest that counsel coerced him, misled him, or gave him bad advice. Simply put, Petitioner provides no reason to second-guess the state habeas court's decision to credit Mr. Theodocion's sworn assertions that Mr. Theodocion, prior to Petitioner entering his guilty plea, filed pre-trial motions and investigated Petitioner's case, that Mr. Theodocion reviewed witness statements and met with Petitioner, and that Mr. Theodocion negotiated a favorable deal for Petitioner, as Petitioner was initially charged with aggravated child molestation, but entered a plea to the lesser offense of child molestation. (Doc. no. 25, Ex. 2, pp. 8-10).

Moreover, Petitioner has not shown that he suffered any prejudice by pleading guilty rather than going to trial. Rather, the record demonstrates that Mr. Theodocion's advocacy significantly lowered Petitioner's sentencing exposure. Mr. Theodocion convinced the prosecutor that the facts of the case were not indicative of "aggravated" child molestation and secured a deal in which Petitioner could plead guilty to child molestation. (Id.). Under these facts, no prejudice has been shown, and Petitioner's claims lack merit. See, e.g., Jones v. White, 992 F.2d 1548, 1557-58 (11th Cir. 1993). In sum, Petitioner's contentions in (a), (c), and (d) that he received ineffective assistance of counsel are affirmatively contradicted by the record and thus, fail.

As for Petitioner's contentions that Mr. Theodocion (b) withheld information, such as evidence and statements by other parties that would have been favorable to Petitioner, (e) proffered false statements on the minimum mandatory sentence on the guilty plea, and (f) promised a probated sentence of less than five years, Petitioner failed to raise these allegations in his state habeas petition. Consequently, Respondent argues that Petitioner's claims are procedurally barred from being reviewed in this federal collateral proceeding.

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c)(emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir.

17

1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."). A federal habeas petitioner can run afoul of this procedural default rule in one of two ways.

First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent" state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd, 250 F.3d at 1313. The Eleventh Circuit has explained that a state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Id. (internal quotes and citations omitted).

Likewise, a federal habeas petitioner runs afoul of the procedural default rule when he attempts to bring a new claim that would be procedurally barred if raised in state court. In such instances, the petitioner's failure to properly bring the claim in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Here, Petitioner attempts to bring new claims that would be procedurally barred if he raised them in State court. Of particular note in the instant case, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under O.C.G.A. § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

Specifically, Petitioner's claims that his trial counsel (b) withheld information, such as evidence and statements by other parties that would have been favorable to Petitioner; (e)

19

proffered false statements on the minimum mandatory sentence on the guilty plea; and (f) promised a probated sentence of less than five years, were available at the time he brought his state habeas petition. Yet, Petitioner failed to bring these claims in his state habeas petition.

To overcome a procedural default, Petitioner must show both cause for the default and resulting actual prejudice or demonstrate that a fundamental miscarriage of justice will occur if the federal court does not address the petitioner's claims. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (citing McCoy v. Newsome, 953 F.2d 1252, 1257 (11th Cir. 1992)). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman, 501 U.S. at 753. A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Here, Petitioner has not shown an objective factor external to the defense impeded his efforts to comply with the state procedural rule. Accordingly, he has procedurally defaulted on his claims under O.C.G.A. § 9-14-51's successive petition rule, and this Court is precluded from reaching the merits of his claims under Chambers. Therefore, Petitioner's claims alleging that his trial counsel withheld information, proffered false statements on the

20

minimum mandatory sentence, and promised a probated sentence of less than five years, fail.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 3rd day of June, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

21